

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-1067-15

**Ex parte JAMES RICHARD "RICK" PERRY, Appellant**

**ON APPELLANT'S AND STATE'S PETITIONS
FOR DISCRETIONARY REVIEW
FROM THE THIRD COURT OF APPEALS
TRAVIS COUNTY**

**MEYERS, J., filed a dissenting opinion.**

## DISSENTING OPINION

After reading the majority's opinion, it seems clear to me that it has decided to employ any means necessary in order to vacate the two felony counts against Governor Rick Perry. The majority opinion has repealed more statutes and made more new law than Governor Perry did in the last session of the legislature when he tried to muscle out the elected Travis County District Attorney. I do not agree with either of the majority's resolutions to both the Appellant's and State's claims.

**COUNT I**

Today, for the first time, the majority holds that, when a government official alleges an as-applied separation-of-powers claim, it is an exception to cognizability and pretrial habeas is available in order to resolve the claim before trial. As-applied challenges depend on the particular facts and circumstances of a case to determine if a law is being unconstitutionally applied to an individual. *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 910 (Tex. Crim. App. 2011). Because the resolution would be aided by the development of evidence at trial, these claims do not have pretrial cognizability. *Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010). The majority, however, believes that "pretrial resolution of this type of separation of powers claim is necessary to ensure that public officials can effectively perform their duties." *Ex parte Perry*, No. PD-1067-15, at *18. But this situation is not comparable to those presented by other pretrial habeas exceptions, like double jeopardy, that would truly be undermined if not considered pretrial. The majority is simply making a special exception for public officials in order to reach its desired outcome in this case.  I do not find the majority's arguments supporting its holding to be valid and I do not believe this type of claim should be able to be considered in pretrial habeas.

Because I disagree with the majority's decision on cognizability, I do not believe the separation of powers claim needs to be addressed at this time. However, the majority does resolve it, concluding that this prosecution violates separation of powers. Violation of the separation of powers clause can occur in two ways: (1) "when one branch of government

assumes, or is delegated, to whatever degree, a power that is more 'properly attached' to another branch," and (2) "when one branch unduly interferes with another branch so that the other branch cannot effectively exercise its constitutionally assigned powers." *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 239 (Tex. Crim. App. 1990). I disagree with the majority's conclusion here for two reasons.

First, a bill of particulars is not a pleading and the admissions made within one can be abandoned or amended and, therefore, should not be considered in pretrial habeas. Rather, we should always rely upon what is stated in the indictment, and the indictment in this case does not specify what the act of "misuse" by Governor Perry was. Therefore, I do not believe that we can hold that the prosecution in this case violates separation of powers because we do not have the information that is necessary to make that conclusion. We should allow this case to go to trial in order to see what evidence the State presents to substantiate its allegations in the indictment.

Second, even if the bill of particulars could be construed as a pleading and the veto is the alleged act of misuse, there is still no violation of the separation of powers clause. A strict examination of the language explaining when a separation of powers violation occurs does not prohibit the prosecution in this case as the judicial branch never prevented Governor Perry from exercising his constitutionally assigned veto power. *See id*. The majority's conclusion that the governor's power cannot be limited by the Legislature, courts, or district attorneys is not supported by its reference to the Texas Constitution. The sections the

majority cites merely indicate the duties, elections, and terms of county judges and attorneys and district attorneys. TEX. CONST. art. V, §§ 21, 30. These sections in no way indicate that the present prosecution violates the separation of powers clause. *See id*. at art. II § 1. Further, this issue has never been brought before our courts before and I do not believe it should be summarily determined pretrial.

The majority also incorrectly concludes that because Governor Perry had the constitutional right to veto, his actions cannot be criminalized. It is clear that Governor Perry tied his power to veto State funds to the demand for Lehmberg's resignation, thereby misusing his right. The Legislature has indicated that the misuse of even a constitutional right may be criminalized–the misuse of the constitutional right to vote is criminalized by the voter fraud statute. *See id*. at art. VI § 2; TEX. ELEC. CODE § 64.012; *Jenkins v. State*, 468 S.W.3d 656 (Tex. App.– Houston [14th Dist.] 2015, pet. granted).

## COUNT II

I also disagree with the majority's conclusion that the coercion-of-a-public-servant statute is facially unconstitutional because it is overbroad. The only way the majority can get to this conclusion is by employing the overly broad definition of "threat" that it does. But this strategy ignores both common sense and the requirement to utilize reasonable narrowing constructions.

As suggested by the State, the most natural and logical definition of threat to employ in this analysis is the one put forth in Black's Law Dictionary: "A communicated intent to

inflict harm or loss on another or on another's property." BLACK'S LAW DICTIONARY 1203 (7th ed. 2000). We have acknowledged it as an acceptable definition in the past and I do not agree with any of the majority's reasoning in discounting the use of this definition here. *See Olivas v. State*, 203 S.W.3d 341, 345-46 (Tex. Crim. App. 2006). Using the majority's broader definition of threat ignores the Legislature's intent to enact a constitutional statute, and completely disregards our duty to use a narrow construction in order to avoid a constitutional violation.[1] I believe that the majority does this simply to be able to grant Governor Perry relief. Because this Court should adopt the Black's definition of threat, I cannot agree with its analysis.

Once one employs the correct definition of threat, it becomes clear that the majority's argument about the "many" unconstitutional applications of the statute is no longer valid. Each of the examples that the majority provides of "normal functioning of government" that is criminalized by the statute would not be susceptible to prosecution when using the logical and narrower Black's definition of threat. None of these examples are crimes that actually need overbreadth protection.[2] Where the natural and logical definition of threat is used, and the examples of the majority would never be prosecuted, there is no chilling effect that can be attributed to the statute.

---

[1] In enacting a statute, it is presumed that compliance with the constitutions of Texas and the United States is intended. TEX. GOV'T CODE § 311.021 (2015).

[2] The majority does not show that the conduct in any of these examples, if prosecuted, would be protected by the First Amendment and thus the argument that the statute has overbroad application to protected expression is baseless speculation.

Because the statute is not overbroad, it should be that, where an individual is concerned that his prosecution under this statute is not supported by the evidence, it becomes an issue to be considered once the case has been tried and a conviction occurs. The narrower and more natural Black's definition of threat should be used in the sufficiency analyses on appeal, and whether there is evidence in each individual case to show a communicated intent to inflict harm or loss will determine that conviction's validity.

## CONCLUSION

While the majority has inaccurately concluded that the prosecution in this case is politically motivated, it, in turn, has not shown any compunction in scripting an opinion that establishes entirely new precedent solely in order to vacate the indictment against the former governor. Obviously it has traded the repercussions of a challenge in the political arena for the embarrassment of manufacturing an opinion that is not based on either law or fact. And, unfortunately, the concurring opinions only go on to further support the fairytale authored by the majority.

The real shame of today's decision is that while ordinary applicants' requests to this Court for writs of habeas corpus are often unfairly rejected or their paths to relief narrowed, the majority has decided, for the second time in the last two years, to give special treatment to a government official. *See Delay v. State*, 465 S.W.3d 232, 234 (Tex. Crim. App. 2014). For example, in our last session, this Court decided to employ the doctrine of laches to prevent applicants from obtaining relief for valid constitutional claims. *Ex parte Smith*, 444

S.W.3d 661 (Tex. Crim. App. 2014). Also, many on this Court want to limit the ability to obtain a writ of habeas corpus even further. *See Ex parte Marascio*, 471 S.W.3d 832,833-40 (Tex. Crim. App. 2015) (Keasler, J., dissenting).

In addition to reaching an incorrect conclusion in this case, the majority also fails to grant the appropriate remedy for a pretrial habeas issue such as this. We have no authority to instruct the district court to dismiss the indictment on remand, rather we should allow the trial court to decide how to proceed based on our opinion.

Because I do not agree with the majority's conclusion as to either issue before us and would affirm the judgment of the court of appeals as to Count I and reverse its judgment as to Count II, I respectfully dissent.

Meyers, J.

Filed: March 2, 2016

Publish